[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16985
Non-Argument Calendar

_____

D.C. Docket Nos. 4:16-cv-00111-WTM-GRS; 4:08-cr-00203-WTM-GRS-1

STANLEY LEE HAYWARD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 12, 2017)

Before ED CARNES, Chief Judge, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Stanley Lee Hayward, a federal prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.[1]  He contends that the district court erred by denying his motion because his sentence is unconstitutional in light of the Supreme Court's ruling in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.

## I.

Hayward pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Under the ACCA a defendant who violates § 922(g) and has at least three prior convictions for a "violent felony" faces a mandatory minimum prison sentence of 15 years.  Id. § 924(e)(1).  At the time of his conviction, Hayward had three prior Georgia convictions for aggravated assault.  The presentence investigation report found that those convictions were violent felonies without specifying whether they qualified under the ACCA's elements clause or residual clause.  See id. § 924(e)(2)(B). Hayward did not object to the PSR.  The district court applied the enhancement and sentenced him to 15 years in prison without stating which of the two clauses it relied on.

---

[1] The defendant has spelled his last name as "Hayward" and "Heyward."  The magistrate judge found that the former spelling is correct, amended the case caption, and ordered all subsequent filings to conform with that spelling.  We use that spelling throughout this opinion.

Hayward filed this § 2255 motion contending that the sentencing court relied on the residual clause when it applied the ACCA enhancement, and for that reason, his sentence is unconstitutional in light of the Supreme Court's Johnson decision. See 135 S. Ct. at 2558.  The district court denied his motion because it found his prior convictions qualified as violent felonies under ACCA's elements clause, which Johnson did not affect.  See id. at 2563.  It then denied his request for a certificate of appealability.

This Court granted a certificate of appealability on the issue of:  "Whether Hayward has at least three violent felonies to qualify him as an armed career criminal, absent the Armed Career Criminal Act's residual clause."

II.

In a § 2255 proceeding, we review de novo the district court's legal conclusions and its factual findings for clear error.  Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014).  Whether a prior conviction is a violent felony within the meaning of the ACCA is a question of law that we review de novo. United States v. Howard, 742 F.3d 1334, 1341 (11th Cir. 2014).

Hayward argues that the district court erred when it found he had three qualifying prior convictions under the ACCA.  He asserts that his 1985 Georgia aggravated assault conviction is not a violent felony under the ACCA's elements clause because the indictment for that conviction failed to cite to Georgia's

3

aggravated assault statute and failed to set forth each essential element of that statute. By attacking the underlying indictment, Hayward challenges the validity of the 1985 conviction. He may not do so in a § 2255 motion. See Daniels v. United States, 532 U.S. 374, 382, 121 S. Ct. 1578, 1579–80 (2001) (When "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available . . . the defendant may not collaterally attack his prior conviction through a motion under § 2255.").

Before the district court he also argued that none of his prior convictions support an ACCA enhancement because categorically Georgia aggravated assault does not qualify as a violent felony under the ACCA's elements clause. Because he does not discuss that argument on appeal, he has abandoned it. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned."); Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").[2]

---

[2] Hayward also does not point to any evidence that the sentencing court in fact relied on the residual clause when it concluded his prior convictions are violent felonies. Without that evidence, he cannot show that his sentence was unconstitutional under Johnson. See Beeman v. United States, 817 F.3d 1215, ___ (11th Cir. 2017) (holding that "[t]o prove a Johnson claim, the movant must show that — more likely than not — it was use of the residual clause that led to the sentencing court's enhancement of his sentence.").

**AFFIRMED.**